Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of JOHN PIETHA, Respondent, for Compensation under the Workmen's Compensation Law, v. JOHN J. MURDTER, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LIMITED, Insurance Carrier, Appellants.

Third Department, November 15, 1916.

Workmen's Compensation Law — injury while grinding meat in retail market — occupation not hazardous prior to amendment of statute.

Prior to the enactment of chapter 622 of the Laws of 1916, which included meat markets in group 30 of section 2 of the Workmen's Compensation Law, a person employed in a retail meat market who was injured while grinding meat in a machine for a customer in waiting, was not engaged in a hazardous employment and is not entitled to an award.

APPEAL by John J. Murdter and another, from an award and order of the State Industrial Commission, entered in the office of said Commission on the 9th day of March, 1916.

*Alfred W. Andrews [John N. Carlisle* and *Charles B. Sullivan* of counsel], for the appellants.

*Egburt E. Woodbury, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondents.

WOODWARD, J.:

The defendant is engaged in the business of conducting a retail meat market in the city of New York. The claimant was in his employ, and on the 29th day of November, 1915, while engaged in passing two pounds of meat through a hand-grinding machine for a customer in waiting, one of his fingers was caught in the machine and injured so that amputation became necessary. Upon the original hearing this claim was disallowed on the ground that it did not come within the law, but subsequently the case was opened and an award made. From this award the employer and insurance carrier appeal, urging that the original decision was right, and that the claimant was not engaged in a hazardous employment as defined by the statute at the time of his injuries. This accident occurred prior to the enactment of chapter 622 of the Laws of 1916, which now includes meat markets in group 30 of section 2 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41), and the fact that the Legislature has found it necessary to include meat markets in the list of hazardous occupations clearly shows that it was not a part of the law prior to the enactment of this statute. The learned Attorney-General says that " the facts are all conceded and the only question of law presented is as to whether the process of grinding meat is a business in the preparation of meat;" and we are fully persuaded that the incidental grinding up of a few pounds of meat, purchased by a customer who is present and waiting for this service to be performed, is not " a business in the prep-

aration of meat," any more than the chipping of dried beef, purchased at a grocery store, is such a business, or the grinding of a pound of coffee while the customer waits is "milling" within the meaning of group 29 of section 2. Group 30 of section 2 does not provide for the preparation of meat; its language is "Packing houses, abattoirs, manufacture or preparation of meats or meat products or glue." It is where the employer is engaged in the "manufacture or preparation of meats or meat products," that he comes within the law; not where he incidentally prepares a particular purchase of meat for the convenience or satisfaction of his customer. In a sense, of course, one is engaged in preparing meat when he cuts off a steak or trims away some portion of the flesh or fatty matter, but the statute is to be intelligently construed; words are to be construed in their ordinary and commonly accepted sense, and no one, in reading the provisions of group 30 of section 2, would think of such an incidental work as that involved in the present case being a preparation of meats, unless he was looking for a pretext to pay for an accident which had happened in the particular act. If there is liability under the statute here, then there would be liability if a grocer chipped the dried or smoked beef which his customer purchased, if an accident happened in the particular act, and there would be equal liability if a clerk cut his fingers in carving a cheese, for this under group 33 of section 2 would be a "canning or preparation of fruit, vegetables, fish or food stuffs," and, as we have already suggested, it would be "milling" under group 29 of section 2 to grind a pound of coffee which the customer had purchased, and would be the preparation of food stuffs perhaps under group 33 of section 2.

The statute, fairly construed, means, of course, the commercial preparation of meats and meat products; the curing of meats in connection with the packing houses, abattoirs, etc., and has no possible relation to the mere cutting up of particular pieces of meat, whether the cutting be in large or small particles. It might be, of course, that a man conducting a meat market might be engaged in the occupation of a sausagemaker, or in the preparation of meats or meat products for the market generally, and if this was done he might come

within the statute in so far as his employees were engaged in this manufacturing branch of the business, but here the record shows that the grinding was of a small quantity of meat purchased by a customer, a purely incidental service performed for the particular customer in connection with the purchase.

The award should be annulled and the claim dismissed.

All concurred.

Award reversed and claim dismissed.